UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re<br><br>HUI LIAN KE, a/k/a LILY KO,<br><br>Plaintiff. | Case No. 17-cv-02555-EMC<br>Case No. 17-cv-03456-EMC<br>Case No. 17-cv-03600-EMC<br>Case No. 17-cv-03605-EMC<br>Case No. 17-cv-03855-EMC<br>Case No. 17-cv-03929-EMC<br>Case No. 17-cv-03930-EMC<br>Case No. 17-cv-04225-EMC<br>Case No. 17-cv-04226-EMC<br>Case No. 17-cv-04227-EMC<br>Case No. 17-cv-04228-EMC<br>Case No. 17-cv-04229-EMC<br>Case No. 17-cv-04230-EMC<br>Case No. 17-cv-04237-EMC<br>Case No. 17-cv-04259-EMC<br><br>**ORDER REQUIRING AMENDED COMPLAINTS AND *IN FORMA PAUPERIS* APPLICATIONS** |

## I. INTRODUCTION

Hui Lian Ke, also known as Lily Ko, an inmate at the Santa Clara County Jail, filed these fifteen *pro se* civil actions. Her complaints are now before the Court for review under 28 U.S.C. §§ 1915(e) and 1915A.

## II. BACKGROUND

Ms. Ke has filed fifteen separate actions. Her complaints do not provide enough information for the Court to be able to provide even a very general description of the events and omissions giving rise to her claims.

In Case No. 17-cv-2555 EMC, Ms. Ko purports to bring the action on behalf of an Estate and two individuals, and asserts that several torts and wrongs were committed against individuals

other than herself. The plaintiff in the action is listed as Hui Lian Ke, "executor for the Lily Helen Ko Estate, for Ke, Junjie, man, for Ke, Shengli, woman aggrieved, claimant, prosecutor." (Docket No. 1 at 1.) She does not explain who the individuals are, or how she has any authority to present claims on their behalf. It also is unclear whether the "Lily Helen Ko Estate" is an Estate of a deceased person or is simply an alternative way of referring to herself. Ms. Ke lists six individuals as defendants, but does not explain who any of those defendants are. The complaint summarily alleges that some of the defendants carried away Junjie and Shengli from their home in 2014, used them for prostitution, held them against their will, drugged them, physically attacked them, and enslaved them. Ms. Ke also filed several miscellaneous documents: (a) a "writ of mandamus to proceed without delay, prohibiting on case dismissal and closure" (Docket No. 8); (b) a "conditional acceptance to reassignment to a United States District Court Judge," purporting to limit the Court's actions (e.g., the district judge is "prohibited from acting as tribunal" or "speaking in open court unless [Ms. Ke] asks a question") (Docket No. 9); and (c) an "order to court Marshal to serve process," -- an order signed by her and purportedly issued from the "Ke Court" (Docket No. 10).

In Case No. 17-cv-3600 EMC, the complaint is incomprehensible. The complaint lists several claims for trespass, but the trespassing allegedly took place against things other than real property, i.e., the alleged trespasses were on the Estate of Lily Helen Ko and other Estates, "trespass from temporary restraining order (TRO) issued upon each said estate containing defects," "trespass from copyrights," and "trespass from defamation." The complaints in Case Nos. 17-cv-3456 EMC and 17-cv-3605 EMC, urges similarly incomprehensible claims.

In Case No. 17-cv-3855 EMC, the complaint is against the Santa Clara County Sheriff and appears to pertain to Ms. Ke's incarceration and/or the impoundment of her car. Although the general subject matter can be discerned, the actual claims are incomprehensible.

In the rest of the cases, the defendants are identified but the claims are incomprehensible. For example, in Case No. 17-cv-3929 EMC, Ms. Ke sues Michael Gilman, a prosecutor, and alleges claims for, among other things, "trespass on the authenticated certificate of live birth," and "certiorari to bring forth the valid contract with claimant to probation." Docket No. 1 at 1 in Case

2

1 No. 17-cv-3929 EMC. Ms. Ke makes similarly incomprehensible "trespass" and "certiorari" claims against other actors in state court cases. *See, e.g.,* Case No. 17-cv-3930 EMC (county counsel); Case No. 17-cv-4225 EMC (court-appointed counsel); Case No. 17-cv-4226 EMC (court clerks); Case No. 17-cv-4227 EMC (public defender); Case No. 17-cv-4228 EMC (superior court judges); Case No. 17-cv-4229 EMC (custodian of records for Department of Family & Children Services); Case No. 17-cv-4230 EMC (superior court judge); Case No. 17-cv-4237 EMC (doctors); and Case No. 17-cv-4226 EMC (Governor).

In none of the cases has Ms. Ke submitted a completed *in forma pauperis* application on the Court's approved form. In some cases, she has filed a document from the "Ke Court" purporting to grant herself *in forma pauperis* status. *E.g.,* Docket No. 4 in Case No. 17-cv-2555 EMC and Docket No. 7 in Case No. 17-cv-3456 EMC.

## III. DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b). For cases in which a plaintiff proceeding in forma pauperis has sued private parties, the court may review and dismiss the action if it is frivolous, malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

A.  A Basis For Federal Court Jurisdiction Must Be Alleged In Each Action

As relevant here, the Court only has jurisdiction to entertain an action if the parties have diverse citizenship, *see* 28 U.S.C. § 1332, or if it raises a federal question, such as a civil rights claim asserted under 42 U.S.C. § 1983. (There are other federal statutes that grant other bases of federal court jurisdiction, but none are applicable to this action.) In simple terms, each of Ms. Ke's actions can go forward in federal court only if there is diversity jurisdiction, or if a claim is

3

stated under § 1983.

Diversity jurisdiction requires an amount in controversy greater than $75,000 and, more importantly for present purposes, that the action is between "citizens of different States." *See* 28 U.S.C. § 1332(a)(1). Ms. Ke and the defendants appear to be citizens of California. There does not appear to be diversity jurisdiction in any of the actions. If she has facts showing otherwise, Ms. Ke may attempt to allege facts suggesting the existence of diversity jurisdiction in any action in which she wishes to proceed based on diversity jurisdiction.

Federal question jurisdiction also is not alleged and does not appear to exist. A civil rights action under 42 U.S.C. § 1983 would give the Court federal question jurisdiction over an action, but Ms. Ke has not adequately alleged claims under § 1983 in any of her complaints. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). A person acts under color of state law if he or she "exercise[s] power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* (citation and internal quotation marks omitted). The private actions of a public employee are not, simply by virtue of the person's governmental employ, accomplished under the color of state law. *See Johnson v. Knowles*, 113 F.3d 1114, 1117 (9th Cir. 1997). In other cases, the complaints do not allege the violation of a right secured by the Constitution or laws of the United States. Even if there is a state actor involved, there must be a violation of a right secured by the Constitution or laws of the United States for a § 1983 claim to exist. Leave to amend is granted in each of the cases so that Ms. Ke may file an amended complaint in each action alleging both required elements for a § 1983 action unless she is proceeding under the Court's diversity jurisdiction in that action.

B.   An Amended Complaint In Each Action Is Needed To Cure The Pleading Problems

Each complaint is a rambling jumble of ideas that is largely incomprehensible. Ms. Ke mentions numerous legal concepts, but fails to allege an understandable set of facts to go with any of those legal concepts. Each complaint is dismissed for failure to state a claim upon which relief

4

may be granted. Leave to amend is granted so that Ms. Ke may file an amended complaint in each action that cures the several deficiencies addressed in this order.

First, each complaint fails to allege "a short and plain statement of the claim showing that the pleader is entitled to relief," as required by Federal Rule of Civil Procedure 8(a)(2). The conclusory allegations in each complaint fail to satisfy some of the basic purposes of a complaint: framing the dispute and giving the defendants and court notice of the claims upon which relief is sought. Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of [her] 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Erickson v. Pard*us, 551 U.S. 89, 93 (2007) ("statement need only . . . give the defendant fair notice of what the . . . claim is and the grounds upon which it rests"). It is more important that a *pro se* litigant describe the facts of her problem than that she name the legal theories under which she wishes to proceed -- if the Court understands the facts, the Court usually can figure out the legal theory, but the opposite is not true. In each amended complaint, Ms. Ke must allege a short and plain statement of each claim for relief she wishes to assert.

Second, the amended complaint in each action must list every defendant for that action and the adequately link each defendant to the claim(s). Ms. Ke should not refer to them as a group (e.g., "the defendants"); rather, she should identify each involved defendant by name and link each of them to her claim by explaining what each involved defendant did or failed to do that caused a violation of her rights, and stating when the violation occurred. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). Ms. Ke is cautioned that there is no respondeat superior liability under Section 1983, i.e. no liability under the theory that one is responsible for the actions or omissions of an employee. Liability under Section 1983 arises only upon a showing of personal participation by the defendant. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Third, Ms. Ke has mentioned fraud in some of her complaints, but fails to describe the

5

fraud in any detail. "[A] party must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). "By requiring the plaintiff to allege the who, what, where, and when of the alleged fraud, the rule requires the plaintiff to conduct a precomplaint investigation in sufficient depth to assure that the charge of fraud is responsible and supported, rather than defamatory and extortionate." *Ackerman v. Northwestern Mut. Life Ins. Co.*, 172 F.3d 467, 469 (7th Cir. 1999).

C. <u>Ms. Ke Must Explain Why She Is In Jail</u>

Based on the defendants listed, it appears that Ms. Ke wants to complain about a criminal prosecution against her. It also appears quite likely that she cannot proceed with such claims at this time if she is in the county jail and her civil rights action would impugn her conviction.

A plaintiff cannot bring a civil rights action for damages for a wrongful conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, unless that conviction or sentence already has been determined to be wrongful. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). A conviction or sentence may be determined to be wrongful by, for example, being reversed on appeal or being set aside when a state or federal court issues a writ of habeas corpus. *See id.* The *Heck* rule also prevents a person from bringing an action that -- even if it does not directly challenge the conviction or other decision -- would imply that the conviction or other decision was invalid. The practical importance of this rule is that a plaintiff cannot attack her conviction in a civil rights action for damages or declaratory relief; the decision must have been successfully attacked before the civil rights action for damages is filed. The *Heck* rule requires dismissal of a case where the conviction has occurred. When the action is brought by a pretrial detainee and the criminal proceedings are still pending, the action will be stayed rather than dismissed if it would, if successful, "impugn an anticipated future conviction." *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007). On the other hand, *Heck* is not a bar if the civil action does not impugn the conviction or sentence.

In each amended complaint in which she wishes to complain about some aspect of the criminal proceedings against her, she must (in addition to curing all the other deficiencies discussed in this order) report the status of the criminal proceedings, e.g., whether she is awaiting trial, has been convicted, or has had the conviction overturned. Ms. Ke also should describe the

6

1 criminal charges against her by listing the crimes of which she was accused or convicted.

D.    Miscellaneous

Several documents from Ms. Ke have a reddish-brown mark like a thumbprint near the signature. It is unclear whether this is blood. Ms. Ke is urged not to put the reddish-brown mark on her filings because it accomplishes no purpose other than to worry some people that there is blood on the paper that may require special handling.

Ms. Ke has written her documents with a pencil. But some of that handwriting is very light and therefore cannot be electronically scanned at the courthouse. The court accepts handwritten documents, including those written in pencil, but requires that the text be sufficiently dark to be electronically scanned. Ms. Ke is urged to press the pencil firmly in writing future documents or use a pen so that they may be scanned at the courthouse.

In each action, Ms. Ke must file a signed and completed copy of the Court's *in forma pauperis* application, including a certified copy of her inmate trust account statement. Failure to file this application by the deadline will result in the dismissal of the action. Ms. Ke is not authorized to grant herself *in forma pauperis* status, and her "orders" purporting to do so are of no legal effect.

## IV.    CONCLUSION

Each of the complaints in the referenced actions fails to state a claim upon which relief may be granted. Ms. Ke is given leave to file an amended complaint in each action so that she may allege one or more claims against each of the listed defendants. Each amended complaint must be filed no later than **September 18, 2017**, and must include the caption and civil case number for that particular action and the words AMENDED COMPLAINT on the first page. If Ms. Ke fails to file an amended complaint by the deadline for an action, that action will be dismissed.

In each action, Ms. Ke must file a signed and completed copy of the Court's *in forma pauperis* application no later than **September 18, 2017**, or the action will be dismissed.

///

///

7

The Clerk will send to Ms. Ke for her convenience a couple of copies of the form civil rights complaint and the Court's *in forma pauperis* application.

**IT IS SO ORDERED**.

Dated: August 15, 2017

_____
EDWARD M. CHEN
United States District Judge